State ex rel. Samuel vs. Jumel.

## No. 6824.

### THE STATE EX REL. MONROE M. SAMUEL VS. ALLEN JUMEL, AUDITOR.

The claims of sheriffs, and clerks of courts, for the annual sums of money·due them for their services in the criminal matters arising in their courts, are not prescribed in two years from their maturity unless proved up, and audited within that time. This prescription only applies to claims which require evidence to establish, not to those whose amounts are fixed by law.

The holder of a claim against the State, the amount of which is fixed by law, may compel the Auditor by mandamus to warrant for the amount, unless the latter shows that no appropriation was made for its payment, or that the appropriation was exhausted, or that the claim exceeded the revenue of the year in which it was exigible.

APPEAL from the Third District Court, parish of Orleans. *Monroe, J.*

*R. L. & B. W. Belden* and *A. L. Tucker* for relator and appellant.

*H. N. Ogden,* Attorney General, for respondent.

The opinion of the court was delivered by

DEBLANC, J. Under section 795 of the Revised Statutes, "every sheriff is entitled to one hundred dollars, and every clerk to fifty dollars per annum, as a compensation for their services in matters of a criminal nature pending in their respective courts."

The relator is the transferee of several claims due, under said section, to sheriffs and clerks, for services by them rendered during the years 1874 and 1875.

The amount of these claims could not be, their existence is not contested—but the officer who now fills the position of State Auditor refuses to issue warrants to the relator, on the ground that said claims have not been presented to be audited, within two years after they accrued.

When did they accrue? On the last days of the years 1874 and 1875, and plaintiff's applications for a mandamus to compel the issuance of warrants in his favor, were filed—one on the 30th of July, the other on the 28th of September 1877. If the prescription invoked by defendant could apply in this instance, it would bar plaintiff's action but as regards the claim of 1874. This is conceded.

Section 179 of the Revised Statutes, the only law relied upon by defendant's counsel, has reference to that class of claims which—to be allowed—must be supported by evidence and audited, and not to those the amount of which is fixed by law and can neither be reduced nor increased.

Defendant also‚ alleged that the appropriation made to pay the claims described in relator's·petition as due for the year 1875, has been exhausted and that he is prohibited by law from issuing warrants in

excess of appropriations. He, however, discovered that this was a mistake, and immediately addressed a letter to the judge of the lower court, in which he satisfactorily explains and corrects the alleged mistake.

As to the claims of 1874, it is not charged that they are not due, that no appropriation has been made to pay them—that any appropriation made has been exhausted, or that it was in excess of the revenue, and—under the circumstances—warrants should be drawn on the treasury for the claims of 1874 and 1875, held by relator.

On the 3d of April 1875, two distinct appropriations of each $7500 were made by the Legislature to pay for services rendered by sheriffs and clerks, in accordance with sections 765 and 3563 of the Revised Statutes, and the warrants to be drawn in favor of the relator shall express on their face that they are to be paid, those of 1875 out of the funds appropriated for that purpose by the first section of act No. 17 of the Legislature, approved on the 3d of April, 1875, and those of 1874 out of the funds appropriated for that purpose by the second section of said act.

For these reasons, the judgment of the lower court is partly reversed and amended, and the alternative writ of mandamus granted on the 31st of July, 1877 is made peremptory at defendant's costs.