## No. 7121.

THE STATE EX REL. M. M. SAMUEL VS. A. JUMEL, AUDITOR. THE STATE, INTERVENOR.

When the Assistant Attorney-General takes an appeal on the part of the State, the Court will assume, nothing to the contrary appearing, that he has been directed to do so by the Attorney-General and that he has acted under the latter's express authority, as per Act of 1877, p. 12.

Where the State has intervened and appealed, the failure of the Auditor defendant to appeal separately will not be construed as an acquiescence in the judgment.

An intervenor or third party, alleging that he is aggrieved by the judgment, may appeal by motion as well as by petition.

An act of the Legislature that provides that warrants issued for services rendered in 1873 shall be paid out of the revenues for 1874 is unconstitutional.

An application for a rehearing will be entertained where the decree is a peremptory order to a public officer to pay out public moneys.

APPEAL from the Third District Court of New Orleans. MONROE, J.

State ex rel. Samuel *vs.* Jumel.

*R. L. Belden* and *Dennee* for Plaintiff.  The Attorney-General and the Assistant Attorney-General for the Defendant and the Intervenor Appellant.

The relator was the transferee of sundry claims due by the State to sheriffs and clerks for services rendered in 1873.  The Legislature, in 1875, passed an Act appropriating several sums out of the revenues of 1874, to cover deficiencies existing for former years ; directed the treasurer to transfer all moneys received and to be received for taxes prior to 1874, to a special fund, and apply it to the payment of warrants issued under that Act.  The *mandamus* was to enforce compliance with that Act, and obtain payment of warrants issued under it.

The lower court made the *mandamus* peremptory.

MARR, J., delivered the opinion on the motion to dismiss, refusing it, and on the merits affirming the judgment, of which latter a rehearing was granted.  On rehearing, after reciting the facts and quoting the sections of the Act of the Legislature,

DE BLANC, J.  The Act clearly violates the Constitutional amendment that commands the revenue of each year, derived from taxation, to be applied solely to the expenses of the year for which it has been raised.  In the former suit between the same parties, 30 La. Ann. 339, we held that the warrants were to be paid out of funds appropriated for that object, and which *appeared to be* the revenue derived from taxation and raised during the years when those claims became due.

The relator contends that no application for a rehearing lies from a judgment on a writ of *mandamus.*  This rule applies to those writs issued by superior courts to subordinate tribunals to set them in motion and compel them to act, to those which command the performance of a plain, incidental, and preliminary duty ; but it is evident that rule does not apply to a peremptory order addressed to a public officer commanding him to pay a public fund.  In form and in substance, that order is a decree by which the parties are to be concluded, and there is no reason why, in such a case, a rehearing should not be granted to either the State or the relator.

*Former decree set aside and judgment reversed.*